# *UNITED STATES DISTRICT COURT*
## *NORTHERN DISTRICT OF NEW YORK*

## JUDGMENT IN A CIVIL CASE

**NEW YORK STATE GAMING COMMISSION,**

       Plaintiff,

    vs.                        **CASE NUMBER: 1:22-CV-1140 (DNH/DJS)**

**PETER ARTEMIEV; ANABELLE ECKERT, and BRIAN WOOD EXCLUSIVE, INC.,**

       Defendants.

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that Mr. Artemiev, along with business partners, affiliates, contractual relationships, agents, servants, employees or affiliates thereof, representatives and attorneys, and any and all persons acting or attempting to act in concert or participation with the same, directly or indirectly, or any other person or entity having knowledge of, or having been provided with a copy of, this Order, are ENJOINED and RESTRAINED from: (1) Using the Plaintiff's Marks or any other marks similar to the Plaintiff's Marks, including, but not limited to the word mark NEW YORK ROBBERY and the logo and the word mark QUICK DRAW and the logo , in such a way as to create a likelihood of confusion as to source, sponsorship or affiliation with Plaintiff, including but not limited to, enjoining such use on websites, social media, including Instagram (newyorkrobbery, newyorkrobberymedia, and ny_robbery), and other advertising, for any purposes; (2) Committing any acts that are likely to cause confusion or to cause mistake or to deceive as to an affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of goods or services by Plaintiff; (3) Using any designations that are similar or confusingly similar to the Plaintiff's Marks, including but not limited to the word marks NEW YORK ROBBERY and QUICK DRAW, and logos incorporating the same; (4) Infringing the Plaintiff's Marks; (5) Diluting the Plaintiff's Marks; (6) Engaging in unfair competition or deceptive trade practices with or against Plaintiff; (7) Engaging in false designation of origin in any other manner to the detriment of Plaintiff; and (8) Creating, manufacturing, having manufactured, distributing and/or selling fake lottery tickets using or bearing any of Plaintiff's Marks. Mr. Artemiev be required to deliver up and/or to destroy any and all fake lottery tickets, merchandise and other items infringing or diluting the Plaintiff's Marks in its possession, as well as all labels, literature, and advertisements bearing the marks, together with any means for producing same; and delete all electronic postings, social media accounts, social media postings, videos, domain names, and advertisements bearing the NEW YORK ROBBERY Mark, Plaintiff's Marks, any other trademarks owned by Plaintiff and/or any other designations that create a likelihood of confusion as to source, sponsorship or affiliation with Plaintiff or that dilute the Plaintiff's Marks; The U.S. Patent and Trademark Office cancel U.S. Trademark Registration No. 5,340,467 for "NEW YORK ROBBERY" owned by Mr. Artemiev and Ms. Eckert; Mr. Artemiev be required to transfer the domain name, www.newyorkrobbery.com, and any social media accounts using the NEW YORK ROBBERY mark to Plaintiff; Mr. Artemiev be ordered to pay Plaintiff damages in the amount of $28,181 for the sales of merchandise including the infringing trademarks made on the website www.scrapyardnyc.com; Mr. Artemiev be ordered to pay Plaintiff damages in an amount to be determined[1] at a later date from the sales of merchandise including the infringing trademarks made off the website www.newyorkrobbery.com; Mr. Artemiev be ordered to pay Plaintiff damages in the amount of $10,000 for the sale of merchandise including the infringing trademarks in the storefront owned by

Defendant BWE; Mr. Artemiev be ordered to pay Plaintiff the expenses incurred in making service and the reasonable expenses, including attorneys' fees of any motion required to collect those service expenses, pursuant to Federal Rule of Civil Procedure 4(d)(2) in the amount of $12,027.93 in attempting to serve Mr. Artemiev after Mr. Artemiev failed to return a waiver of service sent on December 21, 2022 requested by Plaintiff; Mr. Artemiev be ordered to pay Plaintiff its reasonable attorneys' fees and costs, minus the amount noted in Section H above, in the amount of $55,059.24; and Plaintiff's claims against Anabelle Eckert and Brian Wood Exclusive, Inc. are voluntarily dismissed.

All of the above pursuant to the order of the Honorable **David N. Hurd**, dated April 17, 2024.

DATED: April 17, 2024

Clerk of Court

s/ Susan Evans
Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.